WISHONE v. YELLOW CAB CO., No. 1—97 S. W. (2d) 452.

Eastern Section. June 20, 1936.

Petition for Certiorari denied by Supreme Court, October 3, 1936.

J. H. Chalkley and J. H. Brandt, both of Johnson City, for plaintiff in error.

Cantor & Cantor and D. A. Vines, all of Johnson City, for defendant in error.

McAMIS, J. This case is improperly styled in this court. Rebecca Wishone sued the Yellow Cab Company for damages for personal injuries sustained while riding in one of its cabs. She re-

covered a judgment for $250, and the Yellow Cab Company has appealed in error to this court.

The case originated before a justice of the peace and was appealed to the law court, where it was tried before the court and a jury. The warrant, as amended, charged that plaintiff was injured while riding as a passenger for hire, ''by reason of the negligence of the defendant their (its) servants and agents in the operation of their (its) cab.''

We think there is no question but that plaintiff's injury was caused solely by the fact that the driver of the cab was suddenly, and without warning, seized with an epileptic fit. It appears without dispute that for several years prior to the accident the driver, Hines, had been subject to attacks of this nature which caused him to lapse into a state of unconsciousness. Dr. Budd, who examined him a few minutes after the accident, testified that he observed froth around his mouth and stated that in his opinion, considering the history of previous attacks, he was recovering from an epileptic fit when he was brought to the hospital. Without reviewing the evidence upon this subject, it is sufficient to say that there could be no divergence of opinion among reasonable minds from the undisputed evidence that the driver lost control of the cab solely because he was seized with an epileptic fit and that there is no evidence upon which the jury could have concluded otherwise. Under this state of facts, dismissing for the time being the question of negligence in the selection or retention of an incompetent driver, we do not think the defendant would be liable.

''While the condition of mind of the person injuring another is not to be regarded in determining liability within the proper field of the doctrines of negligence, yet those doctrines of necessity presuppose that the person whom it is sought to charge is capable of sense, perception, and judgment.

''One who, stricken by paralysis or seized by an epileptic fit, still continues with his hands on the wheel of an automobile which he is driving, and unconscious, so directs it as to cause its collision with another, cannot be held negligent for the way in which he controls it, and no more can he who exercises a like direction after he has been overtaken by sleep. In such case any negligence of the driver must be predicated upon his conduct in permitting himself to fall asleep.'' 1 Blashfield's Cyc. of Automobile Law (Permanent Ed.), sec. 16, p. 270.

While a taxicab company which holds itself out as ready to receive and transport all who apply for passage and are ready to pay the fare required may be said to be a common carrier of passengers and therefore held to the exercise of the highest degree of care consistent with the proper transaction of its business, it is not an insurer of the safety of passengers and is liable only for

injuries to passengers caused by its negligence in failing to exercise the proper degree of care, skill, and diligence for the passenger's safety.

The record shows that the fit came upon Hines, the driver, unheralded and without warning. We are therefore of opinion that there was no negligence immediately connected with the accident in which plaintiff was injured and that the liability of defendant must depend upon whether it exercised the proper degree of care, considering the ordinary hazards of this mode of transportation, in the selection of a driver.

The general rule is that a carrier is bound to use reasonable diligence, care, and skill in selecting competent and careful employees, and for injuries resulting from incompetence and inefficiency which was known, or might by the exercise of reasonable diligence have been known to the carrier, it is liable, and this rule has been held to apply to the selection of drivers for motor vehicles. 10 C. J., p. 871.

Again it is said that the employer must exercise a degree of care commensurate with the nature and danger of the business in which he is engaged and the nature and grade of service for which the servant is intended. He must exercise due care to discover incompetency and whether he has done so is held to be a question for the jury. 18 R. C. L., 722, 723.

Consistent with this rule actual knowledge of incompetency upon the part of the employer is not necessary to render the employer liable for an act of an incompetent servant. Roswall, Adm'r, v. Grays Harbor Stevedore Co., 138 Wash., 390, 244 P., 723, 50 A. L. R., 445.

Applying these principles to the case at bar, it appearing that no inquiry was made of the applicant to discover any possible mental infirmity which might result in a lapse of consciousness, we think a jury question was presented. It is true Hines appeared to be in sound health in so far as his physical appearance indicated and that he was required to demonstrate his ability as a chauffeur, but considering the hazardous nature of the service to be performed, it was for the jury to determine whether defendant exercised the proper degree of care in failing to make any inquiry to determine whether he was subject to fits or other mental defect which might result in injury to passengers. The jury may have concluded that a person of ordinary prudence and diligence would have made specific inquiry with reference to the mental condition of the applicant which would have led to a discovery of the particular defect which caused plaintiff's injury. It may have concluded that it was as important, if not more so, to inquire of the applicant's mental defects as to investigate the physical fitness of

the applicant. We cannot say as a matter of law that defendant was guilty of no negligence in failing to make such inquiry.

It was argued at the bar that the case was not tried below upon the theory of negligence in the selection of the driver, Hines, but upon the theory of negligent operation of the cab at the time of the injury, resulting in a variance between the pleadings and the proof. We do not think this question is now open to defendant. Proof was introduced without objection showing that defendant made no inquiry of Hines as to whether he had ever been subject to fits and the court charged the jury without objection upon the question of the alleged negligent selection of Hines as a driver. No question of variance was raised either in the motion for new trial or in the assignments of error and the objection now comes too late. Brown v. Brown, 159 Tenn., 551, 20 S. W. (2d), 1037; 49 C. J., 826.

It is insisted that a recovery of $250 is so excessive as to evince passion, prejudice, and caprice on the part of the jury. Plaintiff testified she was unable to work for three an a half or four months following the accident; that she suffered loss of sleep and pain in her head and back; and that she had not fully recovered when the case was tried on November 6, 1935, which was approximately eight months after the date of her injury. The amount of damages for personal injuries is primarily within the sound discretion of the jury (Williamson v. Howell, 13 Tenn. App., 506), and we cannot say there was an abuse of that discretion in this case.

Affirmed, with costs.