FRANK J. KENNEDY, FRANK J. (BUDDY) KENNEDY, JR., d/b/a FRANK KENNEDY MOTOR COMPANY, and JOHN W. (DOC) DAVIDSON, Defendants-Plaintiffs in Error, v. BOBBY HUGH CRUMLEY, Plaintiff-Defendant in Error.—367 S.W. (2d) 797.

Middle Section. November 30, 1962.

Certiorari Denied by Supreme Court May 10, 1963.

T. T. McCarley, Nashville, J. Shelby Coffey, Jr., Columbia, for plaintiffs in error.

MacFarland & Colley, Columbia, for defendant in error.

CHATTIN, J. This action was brought by the plaintiff, Bobby Hugh Crumley, against the defendants, Frank Kennedy, Sr., and Frank Kennedy, Jr., individually and doing business as Frank Kennedy Motor Company, and another defendant, John W. (Doc) Davidson, for property damages and personal injuries suffered in a collision between plaintiff's automobile and an automobile owned by the Motor Company and operated by Davidson.

The declaration is in four counts. The first two counts charge the defendant, Davidson, was at the time operating the Kennedy car as agent and servant of the Kennedys, and that at the time of the accident he was guilty

of certain acts of common law and statutory negligence which were the proximate cause of the collision and injuries to plaintiff.

The third count of the declaration charges the Kennedys with the negligence of entrusting their automobile to the defendant, Davidson, whom they knew or should have known to be a negligent and careless driver.

The fourth count is for property damages to plaintiff's automobile.

The Kennedys filed a plea of the general issue. The defendant, Davidson, admitted liability during the course of the trial.

Counsel for the Kennedys, at the conclusion of plaintiff's proof, moved the court for a directed verdict. The court sustained the motion as to the first and second counts of the declaration because the proof was to the effect that Davidson was either the owner of the car or the car had been loaned to Davidson by the Kennedys for his sole use and benefit. The court overruled the motion as to the third and fourth counts of the declaration.

At the conclusion of all the testimony, Counsel for the Kennedys renewed their motion for a directed verdict as to the third and fourth counts of the declaration.

The court overruled the motion and the jury returned a verdict in favor of the plaintiff for $20,000.00 against all the defendants.

The defendant, Davidson, was not represented by Counsel but was present during the trial and admitted liability on his part.

The Kennedys have appealed in error to this Court and have assigned twelve assignments of error. Davidson has not appealed.

The accident occurred in Maury County, Tennessee, on Sunday, September 11, 1960, in the late afternoon.

The plaintiff was traveling east on what is known as the Sowell Mill Pike in Maury County and the defendant, Davidson, was traveling west. After the accident, Davidson was placed under arrest for driving while under the influence of an intoxicant. The license on the car operated by Davidson was the dealer's license number of the Kennedy Motor Company. However, as heretofore stated it developed at the trial the car either belonged to Davidson or it had been loaned to Davidson on the previous day by Frank J. Kennedy, Jr.

We will consider the defendants' sixth and eighth assignments of error together as we are of the opinion these assignments should be sustained.

Defendants' sixth assignment of error complains of the action of the trial court in allowing Mrs. Beth Pigg, Deputy Clerk of the General Sessions Court of Maury County, to testify to certain convictions of the defendant, Davidson, in that court as shown by the records of that court over the objections of the Kennedys. Specifically, her testimony was that her records disclosed Davidson had been convicted in that court on a charge of reckless driving on October 22, 1955; a charge of driving while intoxicated on March 19, 1957; a charge of public drunkenness on December 22, 1956. She further stated the records show there was a case No. 6435C for reckless driving. However, it is not clear whether this case is the same as the case of October 22, 1955.

It is insisted by the defendants this testimony was inadmissible as to them on the issue of whether they knew or should have known Davidson was an incompetent driver, in the absence of proof that they knew of the convictions; and further the convictions were too remote to be of any value as proof of the incompetency of Davidson and defendants' knowledge of same.

The eighth assignment of error complains of the action of the court in charging the jury relative to this testimony as follows:

"THE COURT: Gentlemen of the Jury, at this time I would like to give the Jury certain instructions here about the purpose and for what purpose you will consider the testimony of this next witness. Going back just a moment, do you remember the last count of the declaration, I believe—,

\* \* \* \* \* \* \*

"THE COURT: Alleging that the defendants, especially the Kennedys were liable for their negligent conduct in loaning or allowing an incompetent driver, a driver they knew or should have known to be incompetent, to entrust such a driver with an automobile; they charge it was an act of negligence.

"Now, under the law, reading to you briefly here from a case in one of our Appellate Courts, it says this: 'Though an automobile is not a dangerous instrumentality if in proper hands and in competent hands, the automobile is a thing of danger if in defective condition or in the hands of an incompetent person, and the owner thereof owes a duty to the public not to entrust the automobile to an incompetent person, and is liable to any person injured in

consequence of a breach of such duty by the owner or his employee.'

"Now, I am instructing the Jury that in view of that proposition of the law, you will consider the testimony of this next witness as shedding forth what light if any it might upon the negligence if any of the Kennedys in loaning or entrusting an automobile into the hands of an incompetent or unfit or reckless driver. That is, they would have to know or by the exercise of reasonable and ordinary care, they should have known that Davidson was an unfit, reckless, negligent driver or was driving unfit due to drunkenness, or driving while intoxicated, and so forth.

"Do you understand that, now; for the purposes of the testimony, that is the only purpose of it. Of course, you want to note your exception to that."

As a general rule, one who lends his car to a known incompetent driver is liable to third persons injured by the negligence of such incompetent driver. Parish v. Yeiser, 41 Tenn.App. 690, 298 S.W.(2d) 556; Sadler v. Draper, 46 Tenn.App. 1, 326 S.W.(2d) 148.

We have been unable to find but one case which deals with the admissibility of evidence of convictions of traffic violations on the issue of the negligence of a person lending his automobile to an incompetent driver.

In the case of McIntire v. Sellers (Court of Civil Appeals of Texas), 311 S.W.(2d) 886, the defendant, McIntire, was a partner in a business with Sam Davidson. Davidson had employed Wilson, a colored boy, as a porter or cleanup boy, for the partnership on Wednes-

day, September 12, 1956. McIntire was not present when Wilson was employed. On Thursday, September 13, 1956, McIntire requested Wilson to drive his personal car about two hundred yards from the business location to get some eggs. On Friday, September 14, 1956, McIntire requested Wilson to go in his car for some sandwiches at a barbecue stand some two miles from his business place. On the above two occasions, he had not asked Wilson if he had a driver's license. On Saturday, September 15, 1956, Wilson borrowed McIntire's car to go to a fraternity house stating he would return in about forty-five minutes. However, Wilson went on a drinking spree and had a wreck involving the plaintiff, Sellers.

During the course of the trial Wilson admitted he had no driver's license at the time of the accident; that he had been found guilty of driving without a license three or four times, driving while under the influence of liquor, and various other traffic violations.

A deputy clerk of the Corporation Court of Austin, Texas, was permitted to testify from the records in the Corporation Court giving dates of charges against Wilson and admitted by him.

In sustaining the action of the trial court in admitting this testimony the opinion said: "The admissions by Wilson and other testimony show that Wilson was a reckless and incompetent driver, and the intemperate habits and driving records were an issue in the case, and appellant knew, or by the exercise of ordinary care, should have known of such habits and driving records and the entrustment of his car to such a person formed a basis of McIntire's negligence, and such testimony was admissible."

However, Justice Hughes, an associate of the writer of the majority opinion above, wrote a concurring opinion in which he disagreed with that part of the majority opinion above referred to. He concurred in the holding of the majority opinion because of a statute in Texas providing that no car owner shall "knowingly permit" his car to be operated by an unlicensed driver and two cases of the Supreme Court of Texas construing the statute.

In the opinion by Justice Hughes it is said: "As shown by special issues Nos. 9 and 12, majority opinion, there are two distinct grounds upon which the judgment is or could have been based: (a) appellant's negligence in failing to ascertain that Wilson had no driver's license (b) appellant's negligence in lending Wilson his car when by the exercise of ordinary care he 'should have known that Jimmy Wilson was a reckless and incompetent driver.'

"Considering the latter question first it is to be noted that appellant cites no case in which it is held that there is an affirmative duty on the part of a car owner to investigate the driving habits of a person who desires to borrow his car in the absence of circumstances reasonably calculated to provoke inquiry and investigation.

"In this case there are no facts or circumstances which would cause a person with a reasonable mind or a person with a suspicious mind to become curious or suspicious about the driving habits of Jimmy Wilson."

The opinion then cites 5A Am.Jur., Automobiles and Highway Traffic, Section 581, page 592.

As to this phase of the case the opinion concludes: "In my opinion there is no evidence to support the ver-

dict of the jury that appellant by the exercise of ordinary care should have known that Jimmy Wilson was a reckless and incompetent driver."

We think the reasoning in the opinion of Justice Hughes with respect to the question under consideration is sound; and that it is more logical than the majority opinion. We know of no rule that mere convictions in a General Sessions Court of drunkenness, reckless driving, driving under the influence of an intoxicant, and other traffic violations are notice of such to the general public.

We are of the opinion it was error for the trial court to permit the foregoing testimony of Mrs. Pigg upon the issue of whether the defendants knew of, or in the exercise of ordinary care should have known of, the incompetency of Davidson without proof of specific instances of, or reputation of, the incompetency of Davidson or of some facts or circumstances reasonably calculated to induce an investigation of the convictions. We are, also, clearly of the opinion it was prejudicial error for the trial court to charge the jury they could consider this testimony upon the question of their knowledge of the incompetency of Davidson in the absence of proof they knew of these convictions, or other facts and circumstances tending to put them upon notice, or cause the defendants, or an ordinary prudent person, to make an investigation of the driving habits of Davidson. The mere fact he was convicted of the offenses in the General Sessions Court of Maury County would not be notice to the defendants of the convictions or of his incompetency.

Because evidence of specific instances of the recklessness, carelessness, incompetency, intoxication,

and so forth, is admissible upon the issue of the incompetency of the entrustee, it does not follow that such evidence alone is admissible upon the question of the knowledge of the entruster as to the incompetency or recklessness of the entrustee. It is permissible, however, to show the entruster had knowledge of the specific acts, or of such facts and circumstances calculated to cause an ordinarily prudent person to make an investigation of the entrustee's driving habits.

"Upon the issue of the negligence of the owner of a motor vehicle in entrusting it to an incompetent driver, the courts have recognized the admissibility of evidence of specific instances of the recklessness, intoxication, or carelessness of the driver as tending to show his incompetency as a driver. Likewise, evidence is admissible to show an automobile owner's actual knowledge of the previous specific instances of the driver's incompetency, carelessness, intoxication, or recklessness, where it is sought to hold the owner liable on the ground that he permitted an incompetent driver to operate the car." 5A Am.Jur., Automobiles and Highway Traffic, Section 945, page 835.

"In order to hold the owner of an automobile liable under the common-law rule charging him with liability for the negligence of an incompetent, reckless, or unfit driver to whom he entrusted his car, the plaintiff must establish by competent evidence that the owner had knowledge of the driver's incompetence, inexperience, or reckless tendency as an operator, or that, in the exercise of ordinary care, he should have known this from facts and circumstances with which he was acquainted. That knowledge may be established by the fact that he knew of specific instances of carelessness or recklessness

or by the proof that the driver's incompetence was generally known in the community.. The common-law rule charges the owner with liability because of his negligence in knowingly and wilfully permitting an incompetent driver to operate his car. Such liability on the part of the owner is generally confined to cases where he entrusts his motor vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with due care. To impose liability in other cases, where the incompetency of the entrustee is not apparent to the entruster of the motor vehicle at the time of its entrustment, it must be affirmatively shown that the entruster had at that time knowledge of such facts and circumstances relating to the incompetency of the entrustee to operate the motor vehicle as would charge the entruster with knowledge of such incompetency.'' 5A Am.Jur., Automobiles and Highway Traffic, Section 581, page 592.

''Several cases have recognized the admissibility of evidence of a driver's other automobile accidents or specific instances of his recklessness, intoxication, or carelessness, as tending to show his incompetency as a driver, where the defendant owner was alleged to have permitted him to drive with knowledge of his propensities in that regard, and an injury to the plaintiff was claimed to have resulted thereby.'' 120 A.L.R. Annotation, page 1313.

''There is authority to the effect that evidence is admissible to show an automobile owner's actual knowledge of the driver's previous accidents or specific instances of his incompetency, carelessness, intoxication, or recklessness, where it is sought to hold the owner liable on

the ground that he permitted an incompetent driver to operate the car." 120 A.L.R. Annotation, page 1315.

██ We think it can be fairly deduced from the foregoing, specific acts of carelessness, recklessness, intoxication, and other acts of incompetency, may be shown on the issue of the incompetency of the driver of an automobile; and that it is competent to show the entruster knew of such specific acts at the time of the entrustment of the vehicle to the entrustee on the issue of whether the entruster had knowledge of the incompetency of the entrustee.

█ We are of the opinion testimony of specific acts of incompetency or, as in this case, convictions of traffic violations and other offenses tending to show the incompetency of the entrustee of an automobile standing alone, and which have no probative value to bring knowledge home to defendants, would not be admissible on the issue of whether the entruster knew or should have known of the incompetency of the entrustee.

█ We think it was reversible error for the trial court to permit the introduction of the testimony of Mrs. Pigg and charge the jury they could consider it on the issue of the knowledge of the defendants of the incompetency of Davidson where there was no showing the defendants knew of the specific acts, the convictions, or other facts and circumstances which would tend to put them on notice of the incompetency of Davidson.

█ We also agree with the insistence of defendants the convictions were too remote to be of any evidential value upon the issue of the knowledge of defendants of the incompetency of Davidson. The first conviction occurred almost five years prior to the date of the accident.

The second conviction occurred almost four years prior to the accident, and the third some three and one-half years before the accident.

It is insisted by plaintiff that there is other competent and material evidence in the case on the question of the knowledge of the defendants of Davidson's incompetency as a driver; and, therefore, the introduction of the evidence in question was harmless error.

We think it would be inappropriate for us to discuss the other evidence in the case, since we are of the opinion the trial court committed prejudicial error in permitting the introduction of Mrs. Pigg's testimony and in charging the jury as set out above, and the case will have to be remanded for another trial.

We also think it unnecessary to discuss the remaining assignments of error since we must sustain the assignments six and eight.

It results the trial court is reversed and the case remanded for another trial. The costs of the appeal are adjudged against plaintiff. The costs below will await the final outcome of the case.

Shriver and Humphreys, JJ., concur.