**Willie J. ROBINSON, Appellee,**

v.

**Vernon A. MOORE and Memphis Transit Management Company, Appellants.**

Court of Appeals of Tennessee, Western Section.

Jan. 2, 1974.

Certiorari Denied by Supreme Court Aug. 12, 1974.

J. W. Kirkpatrick, Memphis, for appellants.

Robert L. Green, Memphis, for appellee.

NEARN, Judge.

Willie J. Robinson suffered personal injuries when the automobile he was operating was struck by a bus owned by Memphis Transit Management Company, Inc. while being operated by its employee Vernon A. Moore. Suit was filed by Robinson against the Transit Company and the driver, Moore. The jury returned a verdict for the defendant Moore, but against the Transit Company in the amount of $4,400.-00. This appeal by the Transit Company has resulted.

For a better understanding of this Opinion we feel that the legal theories upon which the matter was tried below should be first explained. The facts of the case and the Assignments of Error will be discussed and treated in their place.

The original complaint charged Moore with running a stop sign, speeding and the violation of common law duties as well as sundry ordinances and statutes. Further, that Moore, while operating the bus, was the agent and employee of the Transit Company and Moore's employer was also accountable in damages to the plaintiff.

The joint answers of Moore and the Transit Company denied the alleged manner of the collision. (Although such deni-

al is almost immaterial as from the actual fact standpoint, on the face of it, more favorable collision circumstances could hardly be wished for by a plaintiff's counsel.) The answer also denied the severity of plaintiff's injuries. However, the answers did more than just deny plaintiff's allegations. The defendants also defended on the grounds that "the collision was caused by a sudden, unexpected, unforeseen and unforeseeable physical disability" of Vernon A. Moore.

Whereupon, with leave of Court, the plaintiff amended the complaint and charged both Moore and the Transit Company with the failure to exercise reasonable care to prevent the injuries to plaintiff and charged the Transit Company with negligence in its selection of drivers. The amended complaint alleged that the Transit Company knew or should have known that Moore's physical condition (diabetes) rendered him an incompetent person to operate a bus.

It should now be perceived that the plaintiff has based his case on two legal theories. The first seeks to recover against Moore for his negligence in the manner of operation of the bus and against his employer, the Transit Company under *respondeat superior*. The second theory is that there is liability on the part of the Transit Company for the breach of the duty owed to third persons to select competent drivers. The second theory would seem to us to be akin to a negligent entrustment situation.

At this point it should be borne in mind that neither theory involves the law regarding the duty of care owed by a carrier for hire to its passengers. Plaintiff Robinson was not a passenger.

Now, as to the collision fact situation. From the proof there can be no doubt that the bus was being operated in a rather unusual manner in that it ran a red light, struck plaintiff's vehicle and continued on to strike other vehicles. Further, there can be no doubt that plaintiff was not guilty of any contributory negligence. Likewise, from the proof there can be no doubt that while the bus was so moving in said manner, the driver, Vernon A. Moore was unconscious; he, without warning, having passed out or gone into a comatose state.

The Trial Judge charged the theories of the parties to the jury. They were also charged to the effect that if a sudden loss of consciousness overtook Moore which he could not foresee by the exercise of reasonable care, he would not be negligent.

Three Assignments of Error have been filed with this Court by counsel for the Transit Company. The third is a repetition of the second. The first two are:

I

"There is no evidence to sustain the verdict in that the jury having found for both defendants on the issue of Moore's negligence, the Memphis Transit Management Company could not be liable as Moore's principal on the independent ground of negligence in permitting Moore, an allegedly unsafe driver because of diabetes, to operate its buses.

II

"The Court erred in failing to grant the motion of defendant, Memphis Transit Management Company, Inc., for a directed verdict, made at the conclusion of all of the proof, as there was no evidence of any negligence on the part of Memphis Transit Management Company, Inc. in selecting or hiring Vernon A. Moore to operate its buses or permitting him to operate its buses."

In regard to the first Assignment of Error, it is the position of the appellant that the action of the jury in exonerating

Moore of negligence, should, as a matter of law, also exonerate the Transit Company on the independent charge of allowing Moore to operate a bus with a physical defect that allegedly made him an unsafe driver.

While this argument may, at first blush, seem reasonable and plausible, it will not bear close scrutiny. The conclusion set forth in the argument can only be reached by attempting to add together, so to speak, apples and oranges. Negligence of an employee may be added to the doctrine of *respondeat superior* to reach the employer. Conversely, under that doctrine an exoneration of the servant would serve as an exoneration of the master. However, a charge of direct, independent negligence against the employer is not related to the doctrine of *respondeat superior*. Each separate charge is independent of the other, not interdependent.

We are of the opinion that such was the holding in the case of Wishone v. Yellow Cab Co., No. 1 (1936 E.S.), 20 Tenn.App. 229, 97 S.W.2d 452.

Counsel for appellant argues that the *Wishone* case, supra, is not controlling on this point because it involved an action by a *passenger* against the carrier rather than a suit by a third party. Further, the case is inapplicable because the decision was based on the principal of the high degree of care owed by carrier to *passenger*. We disagree.

In the *Wishone* case, plaintiff was a passenger in the taxicab of the defendant, Yellow Cab Company. While plaintiff was being transported, the driver, who was not a party defendant, was stricken by an epileptic seizure which caused the cab to be wrecked and the plaintiff passenger injured. The Court first concluded that there could have been no negligence on the part of the cab driver as the seizure came upon him "unheralded and without warning."[1] Therefore, the Court observed that the liability of the defendant Cab Company could not be predicated on the doctrine of *respondeat superior,* but "must depend upon whether it exercised the proper degree of care, considering the ordinary hazards of this mode of transportation, in the selection of a driver." The proof showed that the Company never made any inquiry regarding the mental or physical condition of the driver. The jury found for the plaintiff against the Company and in affirming the judgment below, the Court stated: "We cannot say as a matter of law that defendant was guilty of no negligence in failing to make such inquiry."

Boiled down to its essentials the *Wishone* case holds that there may be a recovery against the employer for an independent tort in the selection of a driver of a motor vehicle when there can be no recovery against the driver. This holding is sound as it is not based on *respondeat superior* but is based on the theory of joint tortfeasors. Cases need not be cited for the proposition that one alleged joint tortfeasor may be exonerated and the other held responsible in damages.

 The argument that the principles of the *Wishone* case only apply when there exists a carrier-passenger relationship is not a cogent one. Every person owes some degree of care to others in most every act performed. This degree or duty of care may vary from that of the duty merely not to intentionally harm another to the very highest degree of care, depending upon the circumstances and relationship

---

[1]. While this Court does not agree with *Wishone* Court's conclusion that there was no debatable question of the driver's non-negligence, as there was proof that the driver, for several years previous had been subject to such unconscious rendering seizures, such disagreement does not alter the efficacy of the principals announced therein. The main point being that there exists a separate cause of action for negligence in the selection of drivers.

of the parties. True, in the *Wishone* case the carrier-passenger relationship was present, which relationship affected the degree of care that had to be exercised by the defendant Cab Company. However, such fact does not mean that the law is that no degree of care is owed to third parties or the public by one who hires a driver of a motor vehicle. We hold that the law of this State is that one who entrusts a motor vehicle to another must exercise, as to third parties, reasonable and ordinary care in the entrustment of the vehicle. See and compare Kennedy v. Crumley (1962 M.S.), 51 Tenn.App. 359, 367 S.W.2d 797.

■ The verdicts in the instant case are not *per se* irreconcilable or inconsistent as argued by counsel for appellant. Accordingly, the first Assignment of Error is overruled.

By the second Assignment of Error it is claimed that there is no proof in the record that the defendant Company breached its duty to third persons or anyone else by hiring an incompetent driver.

There is no dispute over the fact that Moore had diabetes; that he required two injections of insulin each day which he gave to himself; that he was physically examined when he began to work for the Transit Company in 1952; that no other physical examination was ever required of him by the Company; that Moore learned he had diabetes in 1959; that he was hospitalized to bring his diabetes under control; that he never advised the Transit Company that he had diabetes and the Transit Company never inquired of him regarding any illness. There is also no dispute that Moore has driven buses for the Transit Company for twenty one years; that he had been awarded the safety award for sixteen years of safe driving without a chargeable accident; that for the last six years he has driven the bus seven days a week for many of the weeks that he worked; that never before had Moore suffered a black out.

The medical proof regarding Moore's diabetes showed that it was the type where the sugar content of the blood was abnormally high, which is a condition known as hyperglycemia. Further, that Moore had never suffered from hypoglycemia which is a condition just to the opposite of hyperglycemia, that is, hypoglycemia is a condition where the blood sugar content falls abnormally low. Severe hypoglycemia can cause unconsciousness. Insulin is a drug used to control hyperglycemia. When insulin is administered it causes the sugar content of the blood to be lowered. By proper administration of insulin the blood-sugar content is brought into reasonable or normal tolerance. Hypoglycemia can be caused by improper administration of insulin, but there is no proof that such is here the case. The cause of hypoglycemia is sometimes unknown, that is, for no known reason the body chemistry system will go out of kilter and produce the condition of hypoglycemia. That immediately prior to the accident, Moore suffered a sudden unheralded drop in blood sugar content (hypoglycemia) which rendered him unconscious and that such condition had never before occurred within Moore.

The gist of the negligence charged against the company is that it knew or should have known of the diabetic condition of the driver and that such medical condition of the driver rendered him an incompetent bus driver. Therefore, the Company had permitted and authorized a medically incompetent driver to drive a bus when it knew or should have known of his medical incompetency. That the failure of the Company to have Moore examined was a breach of duty.

There is no proof in this record that one who suffers from diabetes is an incompe-

tent driver. Every man of medicine who testified regarding diabetes said that from a medical point of view Moore was physically competent and capable of driving a bus although he suffered from diabetes. The medical witnesses testified that in view of Moore's past medical history they would not have hesitated to approve him as medically fit to drive prior to the accident. One testified that at the time of trial he would have approved Moore as fit to drive and in fact would have no hesitancy in riding on a bus being driven by Moore. The medical witness testified that a hypoglycemic condition in Moore was medically unexpected.

■ All medical proof in this case is to the effect that Moore was competent to drive. There is no proof, medical or otherwise to the contrary unless the unconsciousness of Moore at the wheel and the collision itself be considered proof of incompetence. Just as the happening of an event or collision is not proof of negligence, neither is the occurrence of a physical disability proof of negligence in driving with such disability. See Nohsey & Schwab v. Slover (1931 W.S.), 14 Tenn. App. 42; Dukes v. McGimsey (1973 W.S.), Tenn.App., 500 S.W.2d 448. The plaintiff in this case adduced no medical testimony to the effect that the physical diseased condition of Moore rendered Moore incompetent. As stated, the proof is to the contrary. We can only assume that the jury considered the happening of the event proof of incompetency and as proof of the Transit Company's failure to hire a competent driver. The jury may not reach its conclusion in such a manner.

For the foregoing reasons, we are of the opinion that there is no evidence upon which a finding of negligence could be based against the Transit Company in the selection of its drivers.

■ Much ado has been made over the fact that the Transit Company has failed to have its drivers medically examined. *Arguendo*, if this failure on the part of the Transit Company be considered as an act of negligence, the nexus between such negligence and the injury complained of is lacking, unless the act of hiring a diabetic driver or driving with diabetes is negligence *per se*. Since there is no proof in the record that a diabetic is *per se* incompetent or that Moore was an incompetent driver because of diabetes, the only act that could be considered negligence on the part of the Transit Company is the failure to have its drivers medically examined. It is elemental that the negligent act must be the proximate cause of the injury. The proof in this case shows that had the Transit Company had Moore medically examined the day before the collision, such examination would have revealed that Moore was a diabetic, controlled by insulin injection and had never in ten years suffered a "black out" or hypoglycemia. Further, that the doctors who testified would have approved him as a medically competent driver. Therefore, the failure to have Moore medically examined could not be the proximate cause of the injury. The unheralded seizure of Moore standing alone is not proof that the failure to examine was the cause of plaintiff's injury. There is no nexus between the two and speculation will not suffice.

For these reasons, the second Assignment of Error must be sustained. The judgment below is reversed and the case dismissed.

Costs of the appeal are adjudged against the appellant.

CARNEY, P. J., and MATHERNE, J., concur.