**Junior Alvin MATHIS et al.,
Plaintiffs–Appellees,**

v.

**Carroll E. STACY et al.,
Defendants–Appellants.**

Court of Appeals of Tennessee,
Western Section.

June 27, 1980.

Leslie W. Barham, James P. Diamond, Jackson, for Travelers Ins. Co.

Charles M. Cary, Randi B. Rich, Denton & Cary, Bolivar, for plaintiffs–appellees.

EWELL, Judge.

Plaintiffs, Junior Alvin Mathis, driver, and his brother, L. G. Mathis, guest passenger, were injured when Junior's automobile was struck from the rear by an automobile driven by defendant, Carroll E. Stacy, and owned by defendant, David L. Harris, a passenger. Plaintiffs sued defendants in the Circuit Court of Hardeman County. Defendant driver Stacy had liability insurance coverage under a policy issued by The Home Insurance Company on his personal automobile; and prior to trial plaintiffs released their claims against Stacy and dismissed with prejudice the suit as to him upon payment by his insuror of $10,000.00 to each plaintiff. Defendant–owner Harris was uninsured and no pleadings were filed by him. The Travelers Insurance Company insured the Mathis automobile under a policy providing uninsured motorist coverage, and plaintiffs obtained service under T.C.A. 56-7-1206 insisting that The Travelers' coverage applied to any judgment rendered against Harris.

The Trial Judge sitting without a jury found defendant owner guilty of the tort of negligent entrustment of his automobile to an incompetent driver, Stacy, and awarded judgment in the amount of $25,000.00 to each plaintiff. Travelers was ordered to satisfy both judgments up to its policy limits.

Travelers appeals presenting for our review two issues which we will consider in reverse order. First, Travelers insists that the plaintiffs' release of the driver, Stacy, also released the owner, Harris, because Stacy's negligence was imputed to Harris on the theory of negligent entrustment.

■ Tennessee has long recognized the tort of negligent entrustment of an automobile by the owner to an incompetent driver. *V. L. Nicholson Const. Co. v. Lane*, 177 Tenn. 440, 150 S.W.2d 1069 (1941). The owner's liability does not rest on imputed negligence but is based on his own negligence in entrusting his automobile to an incompetent driver. 60A C.J.S. *Motor Vehicles* § 431(1) (1969). The issue of the owner's negligence is therefore independent from the issue of the driver's negligence. *Wishone v. Yellow Cab Co. No. 1*, 20 Tenn. App. 229, 97 S.W.2d 452 (1936, cert. den. 1936) and *Robinson v. Moore*, 512 S.W.2d 573 (Tenn.App.1974, cert. den. 1974).

Tennessee's "Uniform Contribution Among Tort–Feasors Act" includes T.C.A. 23–3105 which provides, in part, as follows:

Effect of release or covenant not to sue upon liability of other tort–feasors.– When releases or covenant not to sue or not to enforce a judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death;

(a) It does not discharge any of the other tort–feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and . . .

■ Therefore, we hold that plaintiffs' release of defendant–driver Stacy did not operate to release defendant–owner Harris.

■ Travelers next insists that its uninsured motorist coverage does not apply in this case since each of plaintiffs had recovered $10,000.00 from the liability insurance carrier providing coverage to Stacy. The policy provides, in pertinent parts, the following:

The Company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *uninsured highway vehicle* because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such *uninsured highway vehicle* ; provided . . .

"uninsured highway vehicle" includes a trailer of any type and means (a) *a highway vehicle with respect to the* ownership, maintenance or *use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability* bond or *insurance policy applicable at the time of the accident with respect to any person* or organization *legally responsible for the use of such automobile*, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder to is or becomes insolvent, . . . (emphasis added)

It is uncontroverted that the vehicle allegedly uninsured had applicable to it at the time of the accident a liability insurance policy with respect to the person operating same and responsible for its use in the amount specified by the financial responsibility law of this State. It therefore follows that if the above quoted portion of the policy is valid and binding the uninsured motorist coverage afforded under the policy does not apply under the facts of this case.

Part twelve of Chapter seven of Title 56 of *Tennessee Code Annotated* relates specifically to Uninsured Motorist Vehicle Coverage. Section 56 7–1205, formerly T.C.A. 56–1152, provides:

Minimum policy limits not increased.– Nothing contained in Sections 56–7–1201–56 7–1206 shall be construed as requiring the forms of coverage provided pursuant to Sections 56–7–1201–56–7–1206, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits

described in Section 55–12–107, or the uninsured motorist liability limits of the insured's policy if such limits are higher than the limits described in Section 55–12–107. Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits.

In the case of *Terry v. Aetna Casualty and Surety Co.*, 510 S.W.2d 509 (Tenn.1974) the Supreme Court surveyed Tennessee law relating to policy clauses of like effect to the one now before us and concluded:

It results, and we so hold, by enactment of T.C.A. Section 56–1152 as a section of our uninsured motorist statutes, it is the legislative purpose to provide an insured motorist a right of recovery under the uninsured motorist provisions of his policy only up to the statutory required minimum (T.C.A. 56–1148), and provisions in such policies, approved by the Commissioner of Insurance, operating to reduce such coverage where other coverage or benefits are available to the insured arising from accident causing the loss, are valid if such provisions do not operate to deny payments to an insured of less than the statutory minimum.

Following *Terry*, the Supreme Court held that the legal liability of more than one person for a single tort was immaterial to its interpretation of T.C.A. 56–1152 (now 56–7–1205). The Court in *State Automobile Mutual Insurance Co. v. Cummings*, 519 S.W.2d 773 (Tenn.1975) overruled contrary pronouncements in *State Farm Mutual Automobile Ins. Co. v. Barnette*, 485 S.W.2d 545 (Tenn.1972) and *Shoffner v. State Farm Mutual Automobile Ins. Co.*, 494 S.W.2d 756 (Tenn.1972). We, therefore, hold that the policy provisions in question are valid and binding and that the uninsured motorist coverage did not extend to the judgment against defendant Harris.

Accordingly, that portion of the judgment of the Trial Court directing The Travelers Insurance Company to pay to the extent of its policy limits the judgment against defendant Harris is reversed. In all other respects the judgment of the Trial Court is affirmed. The cost of appeal is adjudged against the appellant, The Travelers Insurance Company.

MATHERNE and NEARN, JJ., concur.