70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sterling DARNELL, Plaintiff-Appellee,
v.
FLUOR DANIEL CORPORATION, Defendant-Appellant.
 No. 94-5757.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1995.
 
 Before: MARTIN and BOGGS, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Fluor Daniel Corporation (Fluor Daniel) appeals the district court's denial of its motions in limine to exclude all evidence supporting a negligent entrustment theory, particularly, the criminal record of Fluor Daniel's employee. In addition, it appeals the district court's refusal to grant a mistrial based on the admission of such evidence when the entrustment claim was subsequently found to be baseless and the related evidence deemed inadmissible and withdrawn. Fluor Daniel argues that the admission of such evidence was too inflammatory to be rectified by curative instructions. As a result, it contends that a mistrial was warranted and the denial of such infringed upon its substantive right to a fair trial. Fluor Daniel now asks this Court to reverse the judgment in this case and remand it for a new trial. We decline to do so.
 
 
 2
 On April 22, 1991, Dave Padgett (Padgett) and Sterling Darnell (Darnell) were each operating industrial vehicles at a construction site when they collided. The impact threw Darnell from his vehicle and resulted in his permanent physical and mental impairment.
 
 
 3
 Suit was filed against Padgett's employer, Fluor Daniel. Darnell alleged that Fluor Daniel was vicariously liable for Padgett's negligence under the doctrine of respondeat superior, and directly liable for its negligent entrustment of industrial equipment to Padgett in light of his driving record. Fluor Daniel filed motions in limine to exclude all evidence under the latter theory on the grounds that it conceded full liability based on the respondeat superior doctrine for any negligence attributed to Padgett by the jury. In light of this concession, Fluor Daniel insists the alternate theory served no purpose other than to allow the introduction of otherwise inadmissible character evidence. It is the denial of these motions and a subsequent, related motion for a mistrial from which this appeal springs.
 
 
 4
 At trial, Padgett was questioned about his recollections of the accident. During the course of this testimony, Padgett was asked several questions which revealed the revocation of his driver's license, two DUI convictions, other traffic related arrests, and a habitual traffic offender conviction. These questions were the only inquiries into Padgett's criminal record and the court gave a limiting instruction upon the conclusion of his testimony.
 
 
 5
 Over the next three days, seven other witnesses offered testimony as to the circumstances surrounding the accident and Darnell's subsequent decline in health. The district court then concluded that there was no evidence of causation under the negligent entrustment theory and directed a verdict for Fluor Daniel on that point. The evidence relating to Padgett's criminal record was deemed inadmissible and withdrawn. Fluor Daniel requested a mistrial, however, since improper character information had already been heard by the jury and unduly damaged the credibility of Padgett, the only competent eye witness to the accident. The court denied this request and tendered a curative instruction instead. At the conclusion of the trial, the jury awarded Darnell $1,500,000.00 and apportioned 88% of the fault to Fluor Daniel and 12% to Darnell.
 
 
 6
 In this appeal, Fluor Daniel's chief complaint is that the initial decision to allow Darnell to proceed under both respondeat superior and negligent entrustment constitutes reversible error. We disagree.
 
 
 7
 The theory of negligent entrustment has long been recognized by the state of Tennessee. V.L. Nicholson Constr. Co. v. Lane, 150 S.W.2d 1069 (Tenn.1941). Under this theory, the owner's liability rests on his or her own negligence in entrusting the instrumentality causing harm to an incompetent person. Mathis v. Stacy, 606 S.W.2d 290, 292 (Tenn.App.1980). The owner's negligence, then, is a separate and distinct issue from the operator's negligence. Id. at 292. Any liability imposed is direct, rather than vicarious. Sakamoto v. N.A.B. Trucking Co., Inc., 717 F.2d 1000 (6th Cir.1983). In the present action, the trial court determined that Darnell had a right to proceed under the negligent entrustment theory as a separate and distinct allegation of negligence. Whether or not this initial decision was erroneous is a question which we need not now indulge.
 
 
 8
 It is fundamental law that parties are entitled to fair trials, not perfect ones. Bruton v. United States, 391 U.S. 123, 135 (1968). Even if the trial court's decision to admit evidence under the negligent entrustment theory was erroneous, any harm caused by the admission of Padgett's criminal record was rectified by the curative instructions given by the trial court. Such instructions have long been recognized as an effective remedy for errors in admitting evidence. Barbara v. Johnson, 449 F.2d 1235, 1237 (6th Cir.1971). As a result, the trial's fairness is not jeopardized unless the offended party can show the evidence was so exceptionally prejudicial that the jury could not look beyond its harmful effects. Id. There simply is no indication that the trial was so tainted in this case.
 
 
 9
 Fluor Daniel insists that the jury may have reached a different verdict had the credibility of Padgett, the only eye witness, not been smeared with his criminal record which the jury could not look beyond. Yet, there is every indication that they did in fact look beyond such evidence.
 
 
 10
 Darnell presented ample evidence to sustain a verdict in his favor. Other than Padgett, seven witnesses testified extensively over the course of three days as to the conditions surrounding the accident and Darnell's subsequent impairment. Evidence of Darnell's financial losses, exorbitant medical bills, and the permanency of his mental and physical impairment were also introduced. Despite this evidence, the jury apportioned 12% of the fault to Darnell. While this fact alone is not dispositive, it lends great credence to the assertion that the jury complied with the curative instructions, particularly when combined with the ample evidence introduced by Darnell and the fact that the damages awarded were not excessive. It is mere speculation to now insist that a greater percentage of fault would have been apportioned to Darnell had the trial not been tainted.
 
 
 11
 Since the verdict is reasonable and amply supported by evidence, and there are strong indications that the jury abided by the trial court's limiting instructions, it cannot be said that Fluor Daniel did not receive a fair trial in this case. We are convinced that any possible errors made by the trial court in admitting evidence under the negligent entrustment theory were rectified by the curative instructions given to the jury.
 
 
 12
 For all of the foregoing reasons, then, we AFFIRM the judgment of the trial court.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation