IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 9, 2018 Session

## LATAISHA M. JACKSON v. CHARLES ANTHONY BURRELL ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-000328-15  Valerie L Smith, Judge**

_____

### No. W2018-00057-COA-R3-CV
_____

J. STEVEN STAFFORD, P.J., W.S., concurring in part and dissenting in part.

Here, as I perceive it, the majority opinion contains four central holdings: (1) both Defendant Burrell and Defendant Gould's are "health care providers," and, as such, any claims against them that relate to the provision of health care services are governed by the Tennessee Health Care Liability Act ("THCLA"); (2) the intentional tort claims against Defendant Burrell are not governed by the THCLA because they are not related to the provision of health care services; (3) all vicarious liability claims against Defendant Gould's fail to state a claim upon which relief can be granted;  and (4) the remaining direct liability claims against Gould's, i.e., the claims of negligent retention and supervision, are governed by the THCLA and fail due to the lack of a good faith certificate.  While I agree with the result reached by the majority with regard to the first three holdings, I cannot agree that Plaintiff's negligent retention and supervision claims fail due to the lack of a good faith certificate. As such, I respectfully file this partial dissent.

Before reaching the substantive merits of this issue, I find it necessary to address the manner in which Plaintiff raised this argument in the trial court. As the majority correctly notes, Plaintiff here has conflated her claims against Defendant Burrell and Defendant Gould's. As such, the common knowledge exception to the THCLA, though minimally raised in the trial court, was buried under an ultimately unconvincing argument that the claims against Gould's should not be subject to the THCLA at all. Specifically, Plaintiff insisted in the trial court that she was not required to file a certificate because the impetus of her claim was an alleged sexual battery, meaning the claim was not subject to the mandates of the THCLA. I agree with the majority, however, that the claims of direct liability against Gould's are "related to the provision of . . . health care services" and therefore must comply with all applicable mandates of the THCLA. ***Cordell v. Cleveland Tennessee Hosp., LLC***, 544 S.W.3d 331, 339 (Tenn. Ct.

App. 2017), *perm. app. denied* (Tenn. Aug. 17, 2017) (quoting Tenn. Code Ann. § 29-26-101(a)(1)).

The question then becomes whether a good faith certificate was required to be filed in order to comply with the mandates of the THCLA in this particular case or whether the filing of certificate of good faith was excused under the common knowledge exception. Despite an appellate record totaling six volumes, such an argument was addressed only twice in the trial court, and in a decidedly conclusory fashion: once in a response to summary judgment filed early in the action,[1] and once in the second hearing on summary judgment held following the trial court's initial oral ruling.[2] Thus, the common knowledge exception was never expressly and specifically invoked by Plaintiff in the trial court.

Generally, when arguments are not raised in the trial court, they may not be raised for the first time on appeal. *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009). The party invoking waiver must show, however, that the issue was in fact not raised in the trial court. *Id.* at 171 ("While we endorse the continuing vitality and validity of the principle that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court, we also hold that the party invoking this principle has the burden of demonstrating that the issue sought to be precluded was, in fact, not raised in the trial court."). In this case, Gould's has not asserted that application of the common knowledge exception should be waived. Moreover, my review of the record convinces me that that this argument was raised, though in a minimal and specious fashion, with regard to both the claims against Defendant Burrell and Defendant Gould's. Finally, the doctrine of waiver generally exists to prevent litigants from raising issues to which their opponents

---

[1] Specifically, the response stated:

> The Supreme Court of Tennessee has repeatedly held that no expert testimony is required in health care liability cases in which the negligence is obvious and can be understood by the average layperson. *Barkes v. River Park Hosp., Inc.*, 328 S.W.3d 829, 833 (Tenn. 2010) ("Unless the negligence is obvious and readily understandable by an average lay person, expert testimony will be required to demonstrate the applicable standard of care and breach of the standard."); *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 42 (Tenn. 1999) ("Expert testimony is required in medical malpractice cases to assist and educate the trier of fact unless the alleged malpractice lies within the common knowledge of by lay persons.").

[2] Specifically, counsel for Plaintiff made the following argument:

> This case does not require expert proof. A jury does not need to be told that Gould's have been provided with notice that they have a potential claim, any claim that they have under their employment a sexual predator. Gould has a duty to protect their customers from a sexual predator. Now, do we need an expert to tell us that. I don't understand what expert would we need to say that Gould's, if they [sic] notice of a potential sexual predator has a duty to protect their customers. It is not the healthcare act. This sexual battery is criminal conduct. It does not require expert proof.

have no opportunity to respond. *See, e.g.,* **Shaw v. Gross**, No. W2017-00441-COA-R3-CV, 2018 WL 801536, at *4 (Tenn. Ct. App. Feb. 9, 2018) (discussing waiver of issues that are raised only in reply briefs). Here, Gould's clearly perceived that Plaintiff was raising the common knowledge exception as a defense to its request for summary judgment and provided ample response to that argument. As such, though I caution litigants from engaging in such conclusory arguments in the trial court, I must conclude that this issue is properly before this Court. *See* **Fayne**, 301 S.W.3d at 171 ("Like the Tennessee Rules of Appellate Procedure, this Court's jurisprudential rules should be interpreted and applied in a way that enables appeals to be considered on their merits."); *see also* Tenn. R. App. P. 1 (stating that rules of appellate procedure should be construed to "secure the just, speedy, and inexpensive determination of every proceeding **on its merits**") (emphasis added).[3]

I also must deviate from the majority's ultimate conclusion that Plaintiff was required to file a certificate of good faith in order to bring her negligent supervision and retention claim against Gould's, and that the common knowledge exception lends Plaintiff no support under these circumstances. While the direct liability claims against Gould's clearly fall within the ambit of the THCLA,

> a determination that a claim falls within the THCLA does not automatically trigger all of the statute's requirements. The need for expert proof will not lie if the matter is within the common knowledge of a layperson, and if there is no need for expert proof, a plaintiff's complaint will not fail for failure to attach a certificate of good faith under section 29-26-122. *See* Tenn. Code Ann. 29-26-122(a) (2012) ("In any health care liability action *in which expert testimony is required* by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint.") (emphasis added). Thus, although determining that a claim constitutes a health care liability action will subject it to the pre-suit notice requirement in section 29-26-121, additional analysis is needed to determine whether expert proof is necessary.

**Zink v. Rural/Metro of Tenn., L.P.**, 531 S.W.3d 698, 706 (Tenn. Ct. App. 2017); *see also* **Ellithorpe v. Weismark**, 479 S.W.3d 818, 829 (Tenn. 2015) (noting the continued

---

[3] Although the majority also concludes that this issue was waived because no argument was "raised or argued by Plaintiff . . . to this Court," I must respectfully disagree. Here, Plaintiff devotes an entire section of her brief to the application of the common knowledge exception. Gould's brief also contains a section devoted to the application of the common knowledge exception, showing that Gould's had ample notice of Plaintiff's reliance on this doctrine. Although Plaintiff's brief again focuses on an argument that the majority correctly concludes is unavailing, see *supra*, I simply cannot conclude that the burden to show waiver has been met in this case, particularly in light of this Court's policy in favor of deciding cases on their merits. *See* **Norton v. Everhart**, 895 S.W.2d 317, 322 (Tenn. 1995) (noting "the clear policy of this state favoring the adjudication of disputes on their merits").

viability of the common knowledge exception to the expert proof requirement in health care liability claims). Thus, while the majority opinion is correct that claims involving "medical negligence" typically require expert proof, not all "health care liability claims" contemplate medical negligence such that expert proof regarding the standard of care is necessary. *Cf. Estate of Thibodeau v. St. Thomas Hosp.*, No. M2014-02030-COA-R3-CV, 2015 WL 6561223, at *4 (Tenn. Ct. App. Oct. 29, 2015) (citing *Ellithorpe v. Weismark*, 479 S.W.3d 818 (Tenn. 2015)) (adopting the defendant's position that the THCLA "unambiguously expanded the scope of actions subject to the health care liability statutes and abolished the common law tests for determining whether an action constitutes a medical malpractice or ordinary negligence action").

This Court has recognized two situations where the common knowledge exception may apply in the context of a health care liability claim. *See Osunde v. Delta Med. Ctr.*, 505 S.W.3d 875, 886 (Tenn. Ct. App. 2016). "First, expert proof may be dispensed with when the trier of fact can determine, based on common knowledge, that the direct allegations against a defendant constitute negligence." *Id.* (citing *Rural Ed. Ass'n v. Anderson*, 261 S.W.2d 151, 155 (Tenn. Ct. App. 1953)) ("It is a matter of common knowledge and common sense of laymen that a patient in such a condition should be watched and protected and not left unattended on an upper story by an unguarded window through which he might, and ultimately did, fall or jump to his death."). Second, the common knowledge exception is also applicable in the res ipsa loquitur situation. *Id.* (quoting *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 (Tenn. 1999)) ("[T]he 'common knowledge' language has also been referred to in cases involving the application of res ipsa loquitur, which 'allows an inference of negligence where the jury has a common knowledge or understanding that events which resulted in the plaintiff's injury do not ordinarily occur unless someone was negligent.'"); *see also* Tenn. Code Ann. § 29-26-115(c) (codifying the doctrine of res ipsa loquitur in the health care liability context). Regardless, we have described the defining feature of this doctrine thusly: "expert testimony is not required where the act of alleged wrongful conduct lies within the common knowledge of a layperson." *Osunde*, 505 S.W.3d at 886.

We therefore turn to consider the claims alleged in this case, specifically that Gould's acted negligently in supervising and retaining Defendant Burrell, resulting in the assault on Plaintiff. Although the majority prefers to cite caselaw applicable to "medical negligence" claims, Plaintiff's claims, while certainly health care liability claims, are simply not medical negligence claims subject to the same proof requirements. *See id.* at 880 ("Under traditional legal principles, our courts recognized that not every negligence action asserted against a hospital or doctor [or health care provider] was one for medical malpractice."). Instead, this Court has held that "'[a] plaintiff in Tennessee may recover for negligent hiring, supervision or retention of an employee if he establishes, in addition to the elements of a negligence claim, that the employer had knowledge of the employee's unfitness for the job.'" *Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 703 (Tenn. Ct. App. 2012) (quoting *Doe v. Catholic Bishop for Diocese of Memphis*, 306

- 4 -

S.W.3d 712, 717 (Tenn. Ct. App. 2008)). Neither Gould's nor the trial court cited any law that mandates expert proof in all claims of this type, nor has our research revealed any.

Thus, we have generally allowed "the trier of fact [to] determine, based on common knowledge, that the direct allegations against a defendant constitute negligence" when this type of claim is at issue. *Osunde*, 505 S.W.3d at 886. To impose an expert proof requirement in a negligent hiring, supervision, or retention claim would therefore be in contrast to the typical case, while declining to impose an expert proof requirement in a medical negligence case would be in contrast to the typical claim. *See Osunde*, 505 S.W.3d at 880 (noting that "although medical malpractice claims typically required expert proof, claims asserting ordinary negligence did not"). As such, analogies to medical negligence are not particularly helpful to a resolution of this dispute.

Still, any claim, including claims of negligent retention and supervision, may require expert proof

> when the subject matter requires that the court and jury have the aid of knowledge or experience not held by ordinary witnesses, *Lawrence County Bank v. Riddle*, 621 S.W.2d 735, 737 (Tenn. 1981), and where common knowledge furnishes no criteria for judgment or where proof depends on observation and analysis outside the common experience of jurors, expert testimony is required to establish the proof.

*Hall v. State*, No. E2004-01635-CCA-R3-PD, 2005 WL 2008176, at *30 (Tenn. Crim. App. Aug. 22, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005). Thus, when

> issues . . . are not subject to an intelligent determination simply on the basis of deductions made and inferences drawn from ordinary knowledge, common sense, and practical experience gained in the ordinary affairs of life . . . the testimony of a witness with special knowledge and skill is *required* in order to arrive at an intelligent conclusion.

*Id.* (quoting *Lawrence County Bank*, 621 S.W.2d at 737); *see also* Tenn. R. Evid. 702 (stating that expert testimony is admissible "[i]f scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue"). However, "[i]f the finder of fact can comprehend the subject of expertise without expert testimony, then an expert witness is not necessary." *Miller v. Willbanks*, 8 S.W.3d 607, 615 (Tenn. 1999) (citing *Lawrence County Bank*, 621 S.W.2d at 737).

Notwithstanding the fact that the claims at issue relate to the provision of health care services, a recent Tennessee Court of Appeals case supports my conclusion that the facts of this case do not necessitate expert proof. *See C.D. v. Keystone Continuum, LLC*, No. E2016-02528-COA-R3-CV, 2018 WL 503536 (Tenn. Ct. App. Aug. 8, 2017). In

***Keystone***, we considered a matter in which a young boy who was being held in a residential treatment center was allegedly assaulted by one of the center's employees. After the alleged assault, the child's mother brought suit against the facility, in part raising claims of negligent supervision and/or training. *Id.* at *1. The defendant moved for summary judgment, arguing that because the center was a mental health facility, and the employee at issue a "mental health associate," the plaintiff's claims were subject to the requirements of the THCLA, namely, pre-suit notice and a certificate of good faith. *Id.* The trial court agreed and dismissed the suit. *Id.* On appeal, however, the plaintiffs argued that their allegations regarding the defendant's "negligent failure to supervise and/or train its employees involve matters that ordinary laypersons are able to assess by their common knowledge." *Id.* at *7. We agreed, concluding that the allegations at issue generally pertained to inadequate security and protection for the residents. *Id.* Indeed, we wrote that "the trier of fact will be able to review and assess the proof of defendant's measures to provide security for the residents and determine whether they were adequate and appropriate without the assistance of expert testimony." *Id.*

***Keystone*** is highly analogous to the facts in the present matter. Both ***Keystone*** and this case involve direct claims against employers for negligent supervision based on allegations that the defendant health care provider had knowledge that its employee was unfit for duty.[4] These types of claims are generally not supported by expert proof, *see supra*, and nothing in the record or the parties' arguments leads me to believe that the proof required should be different in the instant case. Instead, I am of the opinion that common knowledge alone is sufficient to determine whether Gould's breached the standard of care in allowing Defendant Burrell to continue engaging in close, intimate contact with dis-robed customers in spite of these prior complaints. As I perceive it, this is exactly the type of question that can be answered by "practical experience gained in the ordinary affairs of life." ***Hall***, 2005 WL 2008176, at *30.

Moreover, it is entirely unclear to me what "scientific, technical, or other specialized knowledge" could "substantially assist the trier of fact" in determining this question. Tenn. R. Evid. 702. The majority suggests that "the ordinary layman does not possess the knowledge required to determine whether or not Defendant Gould's violated

---

[4] Although the ***Keystone*** opinion does not state what evidence was presented of the residential facility's notice of its employee's unfitness for the job, here the record contains evidence that Gould's received two complaints prior to this incident concerning Defendant Burrell's conduct while giving massages to female customers. Indeed, while both myself and the majority have detailed how Plaintiff conflated issues in the trial court and on appeal, the majority itself appears to conflate the expert proof requirement with issues of whether these complaints were sufficient to put Gould's on notice of Defendant Burrell's unfitness. The trial court's decision to grant summary judgment did not rest on its determination that Plaintiff provided insufficient proof of the notice element of Plaintiff's negligent supervision and retention claims. Rather, the only basis for the dismissal of these claims was the lack of certificate of good faith, a certificate that is only required where expert proof is necessary. Indeed, the trial court commented that these prior complaints were likely sufficient to withstand a summary judgment motion on the issue of notice. I express no opinion as to that issue.

the massage industry standard in retaining or supervising Defendant Burrell." Respectfully, this assertion over-complicates the issue. The notion that an employer should be concerned about allegations of sexual harassment by one of its employees is not a complex idea limited to "the massage industry." Rather, this is a simple concept applicable to virtually all workplaces and industries.

Nothing in the nature of the massage industry or the fact that this case involves the provision of health care services alters the fact that employers have a duty to exercise due care in the hiring and retention of their employees. *Cf.* ***Jones v. Windham***, No. W2015-00973-COA-R10-CV, 2016 WL 943722, at *10 (Tenn. Ct. App. Mar. 11, 2016) (Gibson, J., dissenting), *perm. app. granted* (Tenn. Aug. 19, 2016) (noting that the claims of negligent hiring, retention, and supervision rest on the notion that employers have "a duty to exercise ordinary care when hiring employees") (quoting Morgan, Fife, *Predator in the Primary: Applying the Tort of Negligent Hiring to Volunteers in Religious Organizations,* 2006 BYU L. Rev., 569, 578–79 (2006)). Thus, to impose an expert proof requirement in this case would be akin to requiring expert proof in all negligent hiring, retention, and supervision cases, a holding at odds with decades of Tennessee jurisprudence. *See e.g.,* ***Wishone v. Yellow Cab Co.***, 20 Tenn. App. 229, 97 S.W.2d 452, 453 (Tenn. Ct. App. 1936) (affirming a judgment against an employer for negligence in hiring without the benefit of expert proof); *cf.* ***Ms. B. v. Boys & Girls Club of Middle Tennessee***, No. M2013-00812-COA-R3-CV, 2014 WL 890892, at *8 (Tenn. Ct. App. Mar. 6, 2014) (reversing summary judgment on a negligent supervision claim although no expert proof was presented regarding whether the defendant organization committed negligence in supervising an employee).

Moreover, the majority's conclusion above could also be applied to the supervision of the employee of the residential treatment facility in ***Keystone***. Notably, however, another panel of this Court clearly rejected such a holding by concluding that expert proof was not necessary to support the plaintiff's negligent supervision claim. *See* ***Keystone*** 2018 WL 503536, at *7. I believe that panel reached the correct result in ***Keystone*** and that the same reasoning should be applicable here.

For the foregoing reasons, I conclude that the common knowledge exception exempted the Plaintiff in this case from filing a certificate of good faith as to her claims of negligent retention and supervision against Defendant Gould's. As such, I respectfully file this partial dissent from the majority opinion.

_____
J. STEVEN STAFFORD, JUDGE